UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALLEN REED et al.,<br><br>Plaintiff,<br>v.<br><br>COMMUNITY HEALTH CARE et al.,<br><br>Defendant. | CASE NO. 3:25-cv-05228-DGE<br><br>ORDER CONSOLIDATING CASES AND ADDRESSING ALL OUTSTANDING MOTIONS FILED IN CASE NO. 3:25-CV-05435-DGE |

This Order addresses the consolidation of *Reed et al. v. Community Health Care*, 3:25-cv-05228-DGE (hereinafter, "*Reed* 1") and *Reed et al. v. Community Health Care*, 3:25-cv-05435-DGE (hereinafter, "*Reed* 2"). And addresses all outstanding motions filed in *Reed* 2.

**A. Consolidation**

On May 23, 2025, the Court ordered the Parties to show cause why *Reed* 1 and *Reed* 2 should not be consolidated. (*Reed* 1, Dkt. No. 13; *Reed* 2, Dkt. No. 13.)

1    In *Reed* 1, Plaintiffs' complaint asserts a variety of claims against Community Health Care[1] and Dr. Janelle C. Harro.  The claims include violations of 42 U.S.C. §§ 1983, 1985(3), 1986 and violations of the Health Insurance Portability and Accountability Act ("HIPAA"). (*Reed* 1, Dkt. No. 5 at 16, 18.)  The claims also included claims for Intentional Infliction of Emotional Distress (*id*. at 13) and Defamation (*id*. at 12).  There were other possible claims labeled as "False Documentation Leading to State Interference" (*id*. at 9), "Contradictory Statements & Fabrication of Evidence" (*id*. at 11), "Spoliation of Evidence and Tampering with Medical Records" (*id*.), and "Obstruction of Justice" (*id*. at 14).[2]

In *Reed* 2, Plaintiffs allege the following claims against Community Health Care and Janell Harro: Common Law Fraud (*Reed* 2, Dkt. No. 1-2 at 14), Intentional Spoliation of Evidence (*id*.), Washington Consumer Protection Act (*id*.), "Denial of Medical Access Under RCW 70.02 and Federal HITECH Rules" (*id*. at 15), "Reserved Medical Negligence (RCW 7.70.150)" (*id*. at 16); "Defamation Per Se" (*id*. at 17), "Professional Negligence and Reckless Misrepresentation (Against Dr. Janell Harro)" (*id*. at 18), "Obstruction and Record Fraud (RCW 70.02.170)" (*id*. at 19); "Demand for Forensic Audit and Evidence Preservation" (*id*. at 20); Negligent Infliction of Emotional Distress (*id*.); Common Law Negligence (*id*. at 21); and "Abuse of Process" (*id*.).[3]

---

[1] Plaintiffs also appear to identify that Community Health Care has a "Job or Title" of "Federally Qualified Health Care."  (*Reed* 1, Dkt. No. 5 at 2.)  It is not clear whether Plaintiffs believe Federally Qualified Health Care is a separate or distinct entity from Community Health Care.

[2] It is unclear whether any of these additionally labeled claims were meant to be asserted as independent causes of action or whether they are only meant to be titles of different sections of Plaintiffs' complaint.

[3] In *Reed* 1, Plaintiffs indicated they planned on filing a second amended complaint in *Reed* 2. (*See Reed* 1, Dkt. No. 12.)  A second amended complaint has not been filed in *Reed* 2.

ORDER CONSOLIDATING CASES AND ADDRESSING ALL OUTSTANDING MOTIONS FILED IN CASE NO. 3:25-CV-05435-DGE - 2

All of the claims asserted in *Reed* 1 and *Reed* 2 arise out of medical care Dr. Jannell Harro provided to Plaintiffs' minor children on January 5, 2023, and Dr. Harro's decision to report possible child abuse to Mary Bridge Children's Hospital and the Washington's Department of Child, Youth and Families. (*Compare Reed* 1, Dkt. 5 at 10 *with Reed* 2, Dkt. No. 1-2 at 8–9.)

Matters that involves common questions of law or fact may be consolidated. Fed. R. Civ. P. 42(a). Actions are related when they "concern substantially the same parties, property, transaction, or event; and it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." LCR 3(g)(4)(A)–(B). "The district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." *Investors Research. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In deciding whether to consolidate, the court considers a number of factors, including judicial economy and potential prejudice to a party opposing the consolidation." *Assurance Co. of Am. v. PC Mktg., Inc.*, No. C13-6008 BHS, 2014 WL 4384053, at *1 (W.D. Wash. Sept. 4, 2014) (citing *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *3 (W.D. Wash. Feb.6, 2014)).

Here, *Reed* 1 and *Reed* 2 involve the same Plaintiffs and the same Defendants. In both, all claims involve the same key factual allegations, *i.e.*, Dr. Harro's treatment of Plaintiffs' children and Dr. Harro's reporting of possible child abuse. They also have overlapping claims, some of which appear identical. Undeniably, both matters will involve many of the same witnesses (if not identical witnesses) and the same discovery. The Court finds no prejudice to Plaintiffs in consolidating the claims as both litigations have only just been commenced.

1    Despite the overlapping facts and claims involved in both matters, Plaintiffs assert
2    consolidation is inappropriate.[4] Plaintiffs first assert removal of *Reed* 2 was improper because
3    the 28 U.S.C. § 223(c)[5] certification filed by representatives of the Attorney General (*Reed* 2,
4    Dkt. No. 1-4) was executed before the declaration from the Department of Health and Human
5    Services (*Reed* 2, Dkt. No. 1-3). (*Reed* 2, Dkt. No. 23 at 2–3.) But this argument is a distinction
6    without difference because both were executed before May 19, 2025, the day *Reed* 2 was
7    removed to this Court. (*Compare* Reed 2, Dkt. Nos. 1-1, 1-3, 1-4.) There, therefore, is no basis
8    to conclude removal was defective for failure to comply with 28 U.S.C. § 233(c).

9    Plaintiffs next assert the state court record is incomplete and, therefore, removal is invalid
10   under 28 U.S.C. § 1446(a). (*Reed* 2, Dkt. No. 23 at 3, 10–11.) In particular, Plaintiffs identify
11   certain motions filed in the state court proceedings were omitted. (*Id*. at 4.) But, on June 3,
12   2025, defense counsel filed the missing documents. (Dkt. No. 24.) Because a removal notice
13   can be amended or supplemented to correct an alleged deficiency, the Court finds no basis to
14   conclude removal was improper. *See ARCO Environmental Remediation, LLC v. Department of*
15   *Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000)
16   ("a defendant may amend the Notice of Removal after the thirty-day window has closed to
17   correct a 'defective allegation of jurisdiction.'") (quoting 28 U.S.C. § 1653).

---

[4] Plaintiffs identify fictitious quotes and citations in their briefing to support their arguments. For example, Plaintiffs purport to quote language from *S.H. Hold v. United States*, 853 F.3d 1056, 1064 (9th Cir. 2017) and *Green v. United States*, 630 F.3d 1245, 1249 (9th Cir. 2011). (*Reed* 2, Dkt. No. 23 at 6.) However, the quoted language is nowhere found in those cases. Plaintiffs also cite to a case identified as "*Horne v. Potter*, 557 F.3d 953, 957 (9th Cir. 2009)." (*Id*. at 7.) That citation, however, is for a case titled *Bell v. The Hershey Company*. Plaintiffs appear to acknowledge they offered fictitious citations. (*See Reed* 2, Dkt. No. 27.) Plaintiffs are cautioned that providing fictitious cases and quotes will lead to sanctions.

[5] 28 U.S.C. § 233(c) requires removal of an action to the district court upon "certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose[.]"

Plaintiffs also assert Plaintiff Trenna Reed and the minor children were not served with notices of removal as required by 28 U.S.C. § 1446(d), thereby barring removal. (*Reed* 2, Dkt. No. 23 at 4.) However, defense counsel arranged for service of the removal notice on Plaintiff Trenna Reed at her address of record. (*Reed* 2, Dkt. No. 21.) And importantly, removal under 28 U.S.C. § 933(c) is mandatory upon certification by the Attorney General "at any time before trial." Thus, even though there may have been a delay in serving Plaintiff Trenna Reed with the removal notice, such delay does not invalidate the removal.

As for service of the removal notice on the purported minor Plaintiffs, the Court explained in *Reed* 1 that Plaintiffs cannot bring claims on behalf of their minor children without an attorney. (Dkt. No. 10 at 2–3; *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer.")). Attempting to proceed as next friend does not change this conclusion. "Federal Rule of Civil Procedure Rule 17(c)(2) allows a parent or other person to sue on behalf of an infant or incompetent individual" but, the rule "'does not authorize a non-attorney suing as next friend to proceed pro se. Rather, the general rule is that the next friend must retain counsel.'" *Reeping v. Nampa Sch. Dist., Idaho*, No. 1:25-CV-00047-DCN, 2025 WL 345814, at *2–3 (D. Idaho Jan. 30, 2025) (quoting *Lietz v. Drug Enf't Admin.*, 2022 WL 17362061, at *3 (D. Idaho Dec. 1, 2022)). Accordingly, for all intents and purposes, the removal notice has been served on the proper Plaintiffs and there is no basis to remand.

In conclusion, pursuant to Federal Rule of Civil Procedure 42(a), the Court finds good cause to consolidate *Reed* 1 and *Reed* 2 to avoid duplicative arguments, to avoid the possibility of conflicting rulings, and to preserve judicial economy and resources.

**B.  Outstanding Motions in *Reed* 2.**

1. Motion to Remand, Motion For Expedited Relief, Motion to Shorten Time (*Reed* 2, Dkt. Nos. 10, 11, 15)

The Court concludes remand of the complaint filed in *Reed* 2 was proper. *See supra* § A. Therefore, the motions to remand, for expedited relief, and to shorten time (Dkt. Nos. 10, 11, 15) are DENIED.

In the alternative, Plaintiffs' motions to remand, to expedite relief, and to shorten time ask the Court to seal certain records from the state court docket filed with this Court. (*See Reed* 2, Dkt. Nos. 10 at 2; 11 at 2; 17 at 4). Those same records are the subject of the Defendant's motion to file exhibits under seal. (*See* Dkt. No. 17). Because the Court is granting Defendants' motion to file exhibits under seal the alternative relief sought in Plaintiffs' motion to remand, for expedited relief, and to shorten time is DENIED as moot. *See infra* § B. 2.

2. Motion to Seal Exhibits (Dkt. No. 17)

Defendant's motion to file exhibits under seal relates to documents from the state court record the Defendant filed on the docket in *Reed* 2. Those documents include medical records and other documents containing personally identifiable information of the Plaintiffs' minor children. Considering the sensitive nature of this information and the privacy concerns at issue, the Defendant has met its burden under Local Rule 5(g)(3)(B) for filing sealed documents. Moreover, although the motion is not ripe until June 20, 2025, Plaintiffs seek similar relief. (*See Reed* 2, Dkt. Nos. 10 at 2, 4–5; 23 at 11-12.) The Court sees no reason to delay ruling on the motion to file exhibits under seal. Accordingly, the motion to file exhibits under seal (Dkt. No. 17) is GRANTED.

Based on the above, the Court ORDERS:

1. Plaintiffs' motions to remand, to expedite relief, and to shorten time filed in *Reed et al. v. Community Health Care*, 3:25-cv-05435-DGE (Dkt. Nos. 10, 11, 15) are DENIED.

2. Defendants' motion to file exhibits under seal filed in *Reed et al. v. Community Health Care*, 3:25-cv-05435-DGE (Dkt. No. 17) is GRANTED.

3. *Reed et al. v. Community Health Care*, 3:25-cv-05228-DGE and *Reed et al. v. Community Health Care*, 3:25-cv-05435-DGE are hereby CONSOLIDATED.

4. The Clerk of the Court is directed to close *Reed et al. v. Community Health Care*, 3:25-cv-05435-DGE after entry of this Order on the docket.

5. Prospectively, all filings for any of the above matters shall all be filed in *Reed et al. v. Community Health Care*, 3:25-cv-05228-DGE.

6. The Clerk of the Court is directed to change the above-captioned action to include the consolidated cases.

Dated this 10th day of June, 2025.



David G. Estudillo
United States District Judge
ORDER CONSOLIDATING CASES AND ADDRESSING ALL OUTSTANDING MOTIONS FILED IN CASE NO. 3:25-CV-05435-DGE - 7