UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALLEN REED et al.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COMMUNITY HEALTH CARE et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:25-cv-05228-DGE<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 22) |

　　　　Plaintiffs seek reconsideration of the Court's order consolidating *Reed et al. v. Community Health Care*, 3:25-cv-05228-DGE (hereinafter, "*Reed* 1") and *Reed et al. v. Community Health Care*, 3:25-cv-05435-DGE (hereinafter, "*Reed* 2"). (Dkt. No. 22; *see also* Dkt. No. 18.)

　　　　After the matters were consolidated, Plaintiffs filed a "Second Amended Complaint for State Law Damages (Non-Federal Tort Claims Only)." (Dkt. No. 20.) Plaintiffs assert this new pleading withdraws all federal law claims originally asserted in *Reed* 2. (*Id*. at 1–2.) According to Plaintiffs, this new pleading warrants reconsideration of the consolidation order and otherwise

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (DKT. NO. 22) - 1

requires *Reed* 2 be remanded to state court because only state-law claims remain in *Reed* 2. (*Id.* at 3–4.) As the argument goes, with the removal of all federal claims, the Court may not exercise supplemental jurisdiction over the state-law claims purportedly remaining in *Reed* 2. (*Id.*) Plaintiffs also argue the new pleading (Dkt. No. 20) "alleges distinct events unrelated to January 5, 2023," which is the day the Defendants provided treatment to only one of Plaintiffs' children and which *Reed* 1 is also based on. (Dkt. No. 22 at 4–7.)[1]

"Motions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22- 5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

*First*, even accepting the "Second Amended Complaint for State Law Damages (Non-Federal Tort Claims Only)" as the operative complaint in *Reed* 2, *Reed* 1 and *Reed* 2 continue to involve the same parties. *Second*, the "Second Amended Complaint for State Law Damages (Non-Federal Tort Claims Only)" continues to relate to events that occurred on January 5, 2023. (*See* Dkt. No. 20 at 5–7) ("On January 5, 2023, I.R. was seen by Dr. Jannell Harro at CHC….").

---

[1] Plaintiffs also argue that because Defendants assert Plaintiffs' claims are "both untimely and unexhausted," there is no basis for the Court to exercise jurisdiction. (Dkt. No. 22 at 4.) The Court's jurisdiction over an asserted controversy, however, is not eliminated merely because a defendant asserts defenses against purported claims.

*Third*, *Reed* 2 was removed from state court pursuant to 42 U.S.C. 233(c) because Plaintiffs asserted damages relating to "the performance of medical . . . or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." (*See Reed* 2, Dkt. No. 1.) Plaintiffs "Second Amended Complaint for State Law Damages (Non-Federal Tort Claims Only)" continues to assert damages related to the performance of medical or related functions by a commissioned employee of the Public Health Service. Thus, the "Second Amended Complaint for State Law Damages (Non-Federal Tort Claims Only)" in no way impacts the basis for removal under 42 U.S.C. § 233(c).

In sum, Plaintiffs fail to establish manifest error in the Court's decision to consolidate *Reed* 1 and *Reed* 2. Plaintiffs' motion for reconsideration is DENIED.

Dated this 7th day of July, 2025.

David G. Estudillo
United States District Judge