Honorable Chief Judge David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

ROBERT ALLEN REED, et al.,
Plaintiffs,
v.
UNITED STATES OF AMERICA, et al
Defendants

No. 3:25-cv-05228-DGE

**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint**

## I.    INTRODUCTION

Plaintiff Robert Allen Reed respectfully opposes Defendant's Motion to Dismiss (Dkt. 31). Under the Supreme Court's recent decision in Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), once a plaintiff's operative complaint no longer asserts any federal-law claims, a federal court loses supplemental jurisdiction and must remand any remaining state-law claims.  Defendant's reliance on 42 U.S.C. § 233(c) to sustain jurisdiction directly conflicts with Royal Canin and additionally ignores the FTCA's

Plaintiffs Response to motion to Dismiss

No. 3:25-cv-05228-DGE

**ROBERT ALLEN REED, PRO SE**
816-401-0556
ROBERTAREED023@GMAIL.COM

intentional-tort exception (28 U.S.C. § 2680(h)), which bars "any claim arising out of …

misrepresentation [or] deceit."  For these reasons, and as detailed below,

Defendant's Motion should be denied in its entirety, or in the alternative the

misrepresentation-based counts should be severed and remanded to state court.

## II.   FACTUAL & PROCEDURAL BACKGROUND

1.   On January 5, 2023, Dr. Janell Harro saw Plaintiff's minor child for a nonspecific rash and based solely on hearsay from Melissa Reed regarding prior alleged burns, made a mandatory report to DCYF without conducting diagnostic testing or obtaining objective findings.

2.   Dr. Harro's records are internally inconsistent: her chart note to Mary Bridge Children's Hospital on January 16, 2023 states the lesions were "nonspecific" and "likely infectious," her PTA note dated January 10, 2023 claims DCYF requested a referral (when DCYF did not learn of the referral until January 18), and her CHC medical record contains a different narrative to DCYF—all of which demonstrate fabrication and misrepresentation.

3.   On June 20th, 2025, Plaintiff filed his Second Amended Complaint (Dkt. 20 alleging:

   • Spoliation and tampering of medical and lab records (Counts 1–4, 7–8, 10);

   • Billing fraud and Medicaid overcharges (Count 3);

   • Consumer Protection Act violations (Count 3);

Plaintiffs Response to motion to Dismiss

• Denial of record access under RCW 70.02 (Count 4);

• Defamation, reckless misrepresentation, and abuse of process (Counts 5, 6, 9, 11).

4.    On May 19, 2025, Defendant United States of America was substituted under 42 U.S.C. § 233(c) and removed the state-law tort action to this Court (Notice of Removal, Dkt. 1).

5.    On July 17, 2025, Defendant filed the instant Motion to Dismiss (Dkt. 31), arguing (a) FTCA exclusivity and § 233(c) sustain jurisdiction, (b) administrative exhaustion is lacking under 28 U.S.C. § 2675, (c) intentional-tort exceptions under 28 U.S.C. § 2680(h) bar defamation and misrepresentation counts, and (d) certain state-law theories are non-cognizable.

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction bears the burden of proving its existence. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (en banc) ("In a removal case, the defendant bears the burden of proving by a preponderance of the evidence that all requirements for removal have been met.").

## IV.    ARGUMENT

Plaintiffs Response to motion to Dismiss

No. 3:25-cv-05228-DGE

ROBERT ALLEN REED, PRO SE
816-401-0556
ROBERTAREED023@GMAIL.COM

**A.    The Court Lacks Subject-Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))**

1.    Royal Canin Mandates Remand of All State-Law Claims Once Federal Hooks Are Gone.  In Royal Canin, the Supreme Court held that when an amendment to a complaint excises all federal law claims upon which supplemental jurisdiction depends, "the leftover state claims are supplemental to nothing" and must be remanded.  604 U.S. at 24–25.  Plaintiff's Second Amended Complaint no longer asserts any § 1983 or FTCA-covered claims—only state-law tort and statutory counts.  Thus, supplemental jurisdiction under 28 U.S.C. § 1367(a) has ceased to exist and remand is required.

2.    Section 233(c) Does Not Create Independent Federal Jurisdiction.  Section 233(c) "authorizes substitution [of the United States] once jurisdiction exists; it does not itself create federal-question jurisdiction."  Flores v. United States, 189 F.3d 477, 481 (9th Cir. 1999).  Because Plaintiff's operative complaint contains no FTCA-covered torts after amendment, § 233(c) cannot serve as an independent jurisdictional hook.

3.    Misrepresentation-Based Counts Are Excluded by 28 U.S.C. § 2680(h).  The FTCA waiver "shall not apply to … any claim arising out of … misrepresentation [or] deceit."  28 U.S.C. § 2680(h).  Plaintiff's counts for defamation, reckless misrepresentation and abuse of process (Counts 5, 6, 9, 11) are quintessentially "arising out of" misrepresentation and thus were never within the FTCA waiver.  See Abbey v. United

Plaintiffs Response to motion to Dismiss

No. 3:25-cv-05228-DGE

ROBERT ALLEN REED, PRO SE
816-401-0556
ROBERTAREED023@GMAIL.COM

States, 953 F.2d 639, 642 (9th Cir. 1991) (holding § 2680(h) bars all claims "arising out of" misrepresentation).

**B.    In the Alternative, Sever and Remand Misrepresentation-Based Counts (Fed. R. Civ. P. 12(b)(6) & 21)**

1.    Severance of Misrepresentation Claims Is Required. Even if FTCA substitution applied (which it does not), § 2680(h) **categorically bars** federal jurisdiction over misrepresentation claims (Counts 5, 6, 9, 11). Severance and remand of these counts is mandatory under Urrutia, 44 F.3d at 1265.

2.    Recharacterize Spoliation Allegations as Recognized Tort Theories.  Washington does not recognize standalone spoliation claims, but the same facts supporting Counts 1, 2, 7, 8, and 10 underpin valid fraud and unfair-practice theories under RCW 19.86.  These counts should survive under Rule 12(b)(6).

3 Plaintiff alleges specific overpayments by Medicaid due to CHC's billing fraud—diversion of public funds constitutes a cognizable 'injury to business or property' under Washington's CPA."  See, e.g., Panag v. Farmers Ins. Co. of Washington, 166 Wn.2d 208, 227 (2009) (an "actual monetary loss is not required" so long as there is "injury to plaintiff's business or property"); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 785 (1986) (listing "injury to plaintiff's business or property" as an element of a CPA claim).

Plaintiffs Response to motion to Dismiss

No. 3:25-cv-05228-DGE

**ROBERT ALLEN REED, PRO SE**
816-401-0556
ROBERTAREED023@GMAIL.COM

4.    RCW 70.02 Record-Access Claim Is Properly Pled.  As next friend of minor children, Plaintiff has authority under RCW 70.02.080 to obtain accurate records. Denial of that right supports Count 4.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1.  **Full remand** to Pierce County Superior Court under *Royal Canin*, 604 U.S. at 24–25;

2.  **In the alternative**, severance and remand of Counts 5, 6, 9, and 11 under § 2680(h) and *Urrutia*.

3.  Remand of any remaining state-law claims **not barred by the FTCA**.

Dated: August 5th, 2025

Respectfully submitted,


/s/ Robert Allen Reed

Robert Allen Reed, Pro Se

2507 South Meridian Street, E104

Puyallup, WA 98373

robertareed023@gmail.com


Plaintiffs Response to motion to Dismiss

No. 3:25-cv-05228-DGE

**CERTIFICATE OF SERVICE**

I hereby certify that on Aug. 5, 2025, I electronically filed the foregoing:

**Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

Notification was automatically sent via ECF to:

- Kristen Vogel, AUSA
  kristen.vogel@usdoj.gov
  Counsel for United States and substituted party

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 5th day of August, 2025.

/s/ Robert Allen Reed
Robert Allen Reed, Pro Se
2507 South Meridian Street, E104
Puyallup, WA 98373
robertareed023@gmail.com

Plaintiffs Response to motion to Dismiss

No. 3:25-cv-05228-DGE

**ROBERT ALLEN REED, PRO SE**
816-401-0556
ROBERTAREED023@GMAIL.COM