UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALLEN REED et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY HEALTH CARE et al., <br><br> Defendants. | CASE NO. 3:25-cv-05228-DGE <br><br> ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL (DKT. NO. 27) |

On June 10, 2025, the Court ordered consolidation of *Reed et al. v. Community Health Care*, 3:25-cv-05228-DGE ("*Reed* 1") and *Reed et al. v. Community Health Care*, 3:25-cv-05435-DGE ("*Reed* 2"). (Dkt. No. 18.) On June 20, 2025, Plaintiffs filed a second amended complaint purporting to amend the complaint originally filed in *Reed* 2. (*See* Dkt. No. 20.) The second amended complaint sought to assert only state law claims against Defendants Janelle Harro and Community Health Care. (*Id.*) On June 23, 2025, Plaintiffs asked the Court to reconsider the consolidation order arguing that consolidation was no longer proper because the second amended complaint removed all federal claims against Defendants Harro and Community

Health Care.  (Dkt. No. 22.)  The Court denied the motion for reconsideration, concluding that even accepting Plaintiffs' second amended complaint as the new operative complaint, consolidation was still proper because both matters continued to involve the same parties and continued to be based on the services Dr. Harro provided to Plaintiffs' children on January 5, 2023.  (Dkt. No. 26 at 2–3.)

Plaintiffs disagree with the Court's order consolidating the matters and ask the Court to certify an interlocutory appeal.  (Dkt. No. 27.)  Plaintiffs argue the second amended complaint they filed for *Reed* 2 involves only state law claims and should be remanded to state court.  (*Id.*)

An order may be certified for interlocutory appeal if the "order involves a controlling issue of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed.  Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  Section 1292(b) should be applied "sparingly and only in exceptional cases[.]"  *In re Cement Antitrust Litig*, 673 F.2d at 1027.  "The decision to certify lies within the sound discretion of the district court."  *Loritz v. CMT Blues*, 271 F. Supp. 2d 1252, 1253 (S.D. Cal. 2003).

Here, Plaintiff seeks an interlocutory appeal of an issue that is neither controlling, nor involves an issue where a substantial ground for difference of opinion might exist. First, the matters were consolidated because the matters involved the same parties, arose out of medical care provided to Plaintiffs' minor children, and involved the Defendants' decision to report possible child abuse. Accordingly, consolidation was proper because the matters involve common questions of law and fact. *See* Fed. R. Civ. P. 42. Second, the determination of whether 42 U.S.C. § 233(c) applies to Plaintiffs' state law claims is not a novel legal issue such that there would be a substantial ground for differences of opinion. It is undeniable that Defendant Janelle Harro was a Public Health Service employee under 42 U.S.C. § 233(c) and that Plaintiff's claims relate to her performance of medical care or *related functions*. Plaintiffs' claims, even if only "state law" claims, are still subject to 42 U.S.C. § 233(c).

Accordingly, Plaintiffs' Motion for Certification for Interlocutory Appeal is DENIED.

Dated this 20th day of August, 2025.

David G. Estudillo
United States District Judge