UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALLEN REED et al., | CASE NO. 3:25-cv-05228-DGE |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 40) |
| v. | |
| COMMUNITY HEALTH CARE et al., | |
| Defendants. | |

This matter comes before the Court on Defendant's motion to dismiss Plaintiff Robert Allen Reed's third amended complaint.  (Dkt. No. 40.)  For the reasons discussed herein, Defendant's motion is GRANTED.

## I    BACKGROUND

This matter has a complex procedural history which is more fully identified in the Court's prior order granting Defendants' motion to dismiss Plaintiff's second amended complaint.  (*See* Dkt. No. 36.)  The following is a summary of the facts alleged in Plaintiff's third amended complaint:

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 40) - 1

Plaintiff asserts that on January 5, 2023, a doctor at Community Health Care ("CHC") examined Plaintiff's daughter I.R. for a rash. (Dkt. No. 37 at 2). The doctor recorded "possible non-accidental trauma" as well as a "history of burns by father." (*Id*.) Plaintiff asserts this information was based "solely on statements from Plaintiff's ex-spouse, Melissa Reed" and was "inconsistent with the child's presentation and later medical findings." (*Id*.) The doctor then communicated with law enforcement, "triggering an abuse investigation." (*Id*.)

Plaintiff further asserts, that "after Plaintiff served CHC with written notice of intent to sue for defamation and record tampering," CHC staff tampered with and falsified records related to the January 5, 2023 examination. (*Id*. at 2–3.) Finally, Plaintiff asserts, "[t]hese false or inaccurate records were later relied upon in state custody proceedings, where Plaintiff was portrayed as abusive and his efforts to obtain independent medical examinations were mischaracterized as abusive litigation." (*Id*. at 3.)

Plaintiff asserts three causes of action against the United States of America: (1) "Negligent Medical Recordkeeping / Failure to Exercise Due Care," (2) "Negligent Infliction of Emotional Distress" ("NIED"), and (3) "Abuse of Process." (*Id*. at 4.) Plaintiff explicitly asserts, "[t]his action arises under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680." (*Id*. at 1.)

Defendant moves to dismiss all three claims. (Dkt. No. 40.) Plaintiff filed an untimely response on February 22, 2026, objecting only to dismissal of his claim based on "negligent post-treatment medical record handling that caused concrete economic harm." (Dkt. No. 42-1 at 1.)

## II    LEGAL STANDARD

On a motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded factual allegations and construe the allegations in favor of the non-moving party. *See Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). The Court need not, however, assume the truth of conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 27 (1957)).

## III    ANALYSIS

### A. Untimely Response

A plaintiff's failure to respond in a timely fashion can be taken as an admission that Defendants' motion has merit. Local Civil Rule 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). The Court may grant a dismissal pursuant to Local Rule 7(b)(2). *See West v. Weyerhaeuser Company*, No. C08-687RSM, 2008 WL 11344617, at *2 (W.D. Wash. Dec. 15, 2008) ("As plaintiffs have failed to oppose the

motion, it shall be granted pursuant to Local Rule 7(b)(2)"); *see also Weathers v. I.R.S.*, No. C01-5174FDB, 2002 WL 850035, at *1 (W.D. Wash. Jan. 15, 2002) (granting motion to dismiss pursuant to Local Rule 7(b)(2)); *Mann v. JRK Property Holdings, Inc.*, No. C18-5391 RBL, 2018 WL 3533275, at *1 (W.D. Wash. July 23, 2018) (same).

Under Federal Rule of Civil Procedure 6(b)(1), when an act must be done within a specified time and a party moves for an extension of time after the deadline has expired, the moving party must show that he or she 'failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1)(B). Here, Petitioner asserts his untimeliness was because he is "proceeding without counsel" and "misunderstood the noting date and corresponding response deadline." (Dkt. No. 42 at 2.) Defendant did not file an opposition to Plaintiff's untimely filing. Considering these factors and given this Court's preference that "cases are tried on the merits," the Court will consider Petitioner's untimely response. *Anachian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations omitted).

**B. Federal Tort Claims Act Applies**

Plaintiff's claims against the United States are brought under the Federal Torts Claims Act ("FTCA"), which provides the exclusive remedy for claims involving a public health service employee arising out of their "performance of medical, surgical, dental, or related functions" incurred "while acting within the scope of his office or employment." 42 U.S.C. § 233(a); *Friedenberg v. Lane Cnty.*, 58 F.4th 1113, 1125 (9th Cir. 2023). Here, the Court previously concluded the acts complained of involving Dr. Jannelle Harro, who CHC employed, were acts involving a public health service employee. (*See* Dkt. No. 36 at 4.) The same is true of any other staff who CHC employed, including those responsible for medical recordkeeping.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 40) - 4

Nonetheless, Plaintiff appears to suggest that his first cause of action, related to medical recordkeeping does not relate to "diagnostic or treatment decisions" (Dkt. No. 42-1 at 2), suggesting the FTCA is not applicable. However, Plaintiff offers no authority to support the conclusion that medical recordkeeping is not a "related function" as used in 42 U.S.C. § 233(a). Accordingly, the Court concludes all of Plaintiff's claims are subject to the FTCA.

## C. NIED and Abuse of Process Claims

Plaintiff does not appear to oppose dismissal of his causes of action for NIED and abuse of process. (*See* Dkt. No. 42-1 at 1) ("Plaintiff does not oppose dismissal of claims sounding in . . . emotional distress [or] abuse of process[.]"). The Court grants dismissal based on Plaintiff's non-opposition.

Separately, both of these claims are barred because Plaintiff failed to exhaust his administrative remedies. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). The statute of limitations begins running "when the plaintiff knows both the existence and the cause of his injury"; he is not required to know that the acts inflicting the injury may constitute a cause of action. *U.S. v. Kubrick*, 444 U.S. 111, 113 (1979).

Plaintiff's NIED claim is based on "Defendant's negligent handling of Plaintiff's children's medical information and false abuse referrals." (Dkt. No. 37 at 4.) This claim appears to be based on the allegation that Dr. Harro made an unsubstantiated report of "possible non-accidental trauma" and that Dr. Harro referred the matter to DCYF and law enforcement on **January 5, 2023**. Likewise, Plaintiff's claim for abuse of process is based on CHC staff "us[ing] the mandatory-reporting and subsequent legal process for an ulterior purpose." (*Id*.)

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 40) - 5

The mandatory reporting and subsequent legal process appear to relate to Dr. Harro's **January 5, 2023** decision to communicate with law enforcement.

Plaintiff was aware of Dr. Harro's alleged conduct and the referral to law enforcement on or immediately after January 5, 2023.  However, Plaintiff admits he did not present an administrative tort claim until March 3, 2025, more than two years after the alleged wrongful conduct.  (*Reed et al. v. United States of America*, 3:25-cv-05435-DGE, Dkt. No. 14 at 2.)  According, Plaintiff's the NIED and abuse of process claims are barred.

**D.  Recordkeeping Claim barred by FTCA**

Plaintiff's "Negligent Medical Recordkeeping / Failure to Exercise Due Care" claim appears to be based on intentional acts by CHC staff in "creating false lab entries, back-dating documents, and failing to retain complete audit logs," not negligent acts.  (Dkt. No. 37 at 4.)  But whether the conduct complained of was intentional or negligent, however, Plaintiff's claim would still be barred under the FTCA.

Excepted from the FTCA are "[a]ny claim[s] arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h); *see also Millbrook v. U.S.*, 569 U.S. 50, 52 (2013) (defining this provision as the "intentional torts exception").  "Under this exception, claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred, . . . including misrepresentations made willfully [or] . . . negligently.  *Esquivel v. United States*, 21 F.4th 565, 577 (9th Cir. 2021) (internal quotations and citations omitted).  "[T]he essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies."  *Block v. Neal*, 460 U.S. 289, 296, (1983).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 40) - 6

Here, Plaintiff claims the medical recordkeeping staff communicated false information which was "later relied upon in state custody proceedings[.]" (Dkt. No. 37 at 3.)  In other words, Plaintiff claims the staff communicated misinformation relied upon by others, which is the essence of a misrepresentation action prohibited by the FTCA.  Accordingly, Plaintiff's first cause of action based on medical recordkeeping is barred by the FTCA's intentional torts exception and is DISMISSED.

**IV     ORDER**

Defendant's motion to dismiss Plaintiff's third amended complaint (Dkt. No. 40) is GRANTED.  The Clerk is directed to close this matter.


Dated this 19th day of March, 2026.


_____
David G. Estudillo
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 40) - 7